# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARDO ESTRADA, | 1:07-CV-00958 LJO DLB HC |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS |
| v. | |
| D.G. ADAMS, | [Doc. 6] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

INTRODUCTION

Although Petitioner is currently in the custody of the California Department of Corrections pursuant to a criminal conviction, in the instant federal petition, Petitioner is challenging an institutional disciplinary action in which he was found guilty of disobeying a direct order in violation of California Code of Regulations title 15, section 3005(b). Petitioner was assessed a credit forfeiture of 30 days, however, it was subsequently restored.

Pursuant to this Court's order of July 23, 2007, Respondent filed the instant motion to dismiss on September 21, 2007. (Court Doc. 6.) Petitioner filed an opposition on November 20, 2007. (Court Doc. 11.)

//

//

DISCUSSION

A.      Procedural Standard for Motion to Dismiss

The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petition is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). The power vested in district courts to enter summary dismissals in this manner demonstrates clear Congressional intent to provide Article III judges with "ample discretionary authority to tailor the proceedings to dispose quickly, efficiently, and fairly of first habeas petitions that lack substantial merit, while preserving more extensive proceedings for those petitions raising serious questions." Lonchar v. Thomas, 517 U.S. 314, 324-326 (1996).

B.      Failure to State a Claim Warranting Federal Habeas Relief

A habeas corpus petition is the exclusive federal remedy for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991); Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. A habeas petition, however, is not proper where, as here, the fact or duration of confinement is not involved. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005). Furthermore, there is no basis for federal habeas jurisdiction where a successful challenge to a prison disciplinary hearing will not necessarily shorten an inmate's sentence. Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003).

As Respondent submits, on October 3, 2005, Petitioner was issued a rules violation report for disobeying a direct order. A disciplinary hearing was held on November 7, 2005, wherein Petitioner was found guilty and ordered to forfeiture 30 days of credit. Generally, the forfeiture of credits effects the duration of Petitioner's confinement, however, in this instance, the forfeited credit was subsequently restored on January 30, 2007. (Exhibit 1, Calculation Worksheet, dated 8/21/07; Institutional Chronology History.) Petitioner concedes such in his opposition. (Opposition, at 2.) Consequently, a favorable decision in this case would have no effect on the duration of Petitioner's confinement. Young v. Kenny, 907 F.2d 874, 876-877 (9th Cir. 1990). Although in his opposition, Petitioner requests that the rules violation be expunged from his

record, this would not effect the length of his sentence and any future adverse use of the violation is speculative, at this juncture.  Accordingly, the petition must be dismissed as it fails to present a cognizable claim warranting federal habeas relief.

RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss be GRANTED; and
2. The instant petition for writ of habeas corpus be DISMISSED for failure to state a cognizable claim.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 27, 2007**                        /s/ **Dennis L. Beck**
                                                         UNITED STATES MAGISTRATE JUDGE